[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15468

_____

Tax Court No. 3240-00

PETER A. CALDERONE,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.


_____

No. 05-15469

_____
Tax Court No. 12253-99

GEOFFREY K. CALDERONE, SR.,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.


_____

Appeals from the Decisions of the
United States Tax Court

_____

**(October 13, 2006)**

Before BLACK and HULL, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

Appellants Geoffrey K. Calderone, Sr., and his brother, Peter A. Calderone, contend the U.S. Tax Court abused its discretion when it denied their October 2003 motion for leave to file a motion to vacate the Tax Court's February 2002 stipulated final decisions.[1]  Specifically, Appellants argue these stipulated final decisions resulted from fraud on the court by their former attorney, Arthur Jacob, and the Commissioner's attorneys, David Weiner and David Conrad.  This Circuit has not recognized fraud on the court as a ground for vacating a tax court's final decision.  We need not reach the issue in this case.  The Tax Court did not abuse its discretion because the record and relevant case law supports its finding that no fraud on the court occurred.  *See*  89 T.C.M. (CCH) 1479 (2005); *see also Davenport Recycling Assocs v. Comm'r*, 220 F.3d 1255, 1262 (11th Cir. 2000)

---

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

[1] Appellants also assert the Tax Court (1) abused its discretion when it denied their December 2004 motion for leave to amend their October 2003 motion to include a request for relief under Federal Rule of Civil Procedure 60(b), and (2) clearly erred in reaching several findings of fact.  We disagree.  Given Appellants' failure to make their December 2004 motion until the day of the evidentiary hearing, we conclude the Tax Court did not abuse its discretion in denying the motion.  Additionally, after reviewing the record, we determine the Tax Court had ample evidence to support the challenged findings.

(holding, based on the totality of the facts, the Tax Court did not abuse its discretion in rejecting the appellants' fraud-on-the-court claim).

AFFIRMED.